UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEMAYEHU JIMMA,

    Plaintiff,

v.

CITY OF SEATTLE POLICE DEPARTMENT,

    Defendant.

NO. C18-0771RSL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendant's Motion for Summary Judgment" (Dkt. # 19) and plaintiff's "Cross Motion [for] Summary Judgment" (Dkt. # 24). Plaintiff alleges that his arrests on May 25, 2017, and January 3, 2018, violated his Fourth Amendment and Equal Protection rights because there was a reasonable dispute regarding what he was and was not allowed to do under a parenting plan and two restraining orders. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

(1) The City of Seattle argues that the Seattle Police Department ("SPD") is not a legal entity capable of being sued, citing Nolan v. Snohomish County, 59 Wn. App. 876, 883 (1990).

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1

Nolan involved a claim against a county council. The court noted that the legislature had expressly stated that counties may be sued (RCW 36.01.010) and found that county departments cannot be sued unless the laws creating those departments allow them to be sued directly. Whether a particular entity has the capacity to sue or be sued thus depends on the legislative enactments providing for its establishment. The City has not provided any information regarding the creation of the SPD or otherwise supported its contention that the SPD is not an entity capable of being sued under state law.

(2) Regardless whether the SPD or the City of Seattle is the proper defendant, a defendant cannot be held liable under 42 U.S.C. § 1983 for constitutional torts committed by its employees on a respondeat superior theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, plaintiff must show that the named defendant is responsible for the constitutional violations alleged. In the context of a police department or municipality, plaintiffs generally have to show that a municipal policy or custom caused the employee to commit the constitutional tort. Id. at 694. Plaintiff has not provided evidence of any department or municipal policy or custom that led to his arrests.

(3) Even if the Court evaluates plaintiff's claims as if they were asserted against the individual officers, they cannot proceed. With regards to his Fourth Amendment claim, plaintiff does not argue that the arresting officers lacked probable cause to believe that he had violated a court order on the dates at issue, and the evidence in the record shows that "at the moment the arrest was made ... the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that plaintiff had violated the parenting plan and/or restraining order. Hunter v.

<u>Bryant</u>, 502 U.S. 224, 228 (1991) (citation omitted). Plaintiff instead argues that an officer "can not [sic] make an arrest on family law violations to reasonably resolve issues where there are conflicts involved." Dkt. # 24 at 2. No citation or other authority is provided in support of this argument. To the contrary, the Court finds that the officers were well within their lawful authority to arrest a person for custodial interference, a gross misdemeanor under Washington law, that occurred in their presence. See RCW 9A.40.070(2) ("A parent of a child is guilty of custodial interference in the second degree if: (a) The parent takes, entices, retains, detains, or conceals the child, with the intent to deny access, from the other parent having the lawful right to time with the child pursuant to a court order making residential provisions for the child . . . ."); <u>State v. Ortega</u>, 177 Wn.2d 116, 123-24 (2013) (quoting RCW 10.31.100 and holding that "[u]nder the plain language of the statute, only an officer who is present during the offense may arrest a suspect for a misdemeanor or a gross misdemeanor."). The fact that plaintiff has articulated a reason why he should not be arrested - because he was unaware of the terms of the order or because he thought he was permitted to act as he did - does not mean that the officers cannot make an arrest where they have probable cause.

(4) Plaintiff has not alleged facts in support of his Equal Protection claim or responded to defendant's motion for judgment on that claim.

//

//

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 3

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 19) is GRANTED and plaintiff's cross-motion (Dkt. # 24) is DENIED. Plaintiff's claims are hereby DISMISSED with prejudice. Plaintiff's "Motion Response to Order Denying Reconsideration" (Dkt. # 35) and "Application for Court-Appointed Counsel" (Dkt. # 36) are DENIED as moot.

Dated this 1st day of November, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 4